CHARLES J. SCHUCK, Judge.
Claimant Blanch Wilson, the owner of several lots located on Camden Avenue, South Parkersburg, Wood county, and on which are erected three small frame houses, petitions this court for an award in the amount of $15,000.00 for damages to the said properties, occasioned by overflows of water thereon from the adjacent street or highway. Claimant contends that the sev/erage or drainage system maintained by the respondent, the state road commission, in front of the said houses is inadequate and improperly constructed and fails to take care of heavy rainfalls causing the water to flow in, over and upon claimant’s premises and property, to her damage and loss. Claimant further alleges that on several occasions, the basements of said houses have been flooded; the foundations washed out, the floors rotted and a dangerous and *57 unsafe condition created, by reason of all of which she has suffered a financial loss as the owner of the properties in question.
In order to thoroughly acquaint ourselves with all the facts involved the court, together with counsel, viewed the premises and property at Parkersburg, and thus obtained much firsthand information for our benefit and use during the subsequent hearing of the claim.
The lots are partially level at the street grade but drop off in a sharp decline to a much lower level at the real1 thereof and within a distance of forty or fifty feet. The three houses are comparatively small one-story cottage buildings, renting at present for the sum of $20.00 per month each, and as testified to by the son of claimant (record pp. 81-82) were probably worth about $2000.00 each in 1934, the time of the death of his father, who was then the owner of the properties. The houses were built in 1929, of frame construction and rented for $17.50 each per month, before the raise to $20.00 each in July 1940. While there is testimony that the properties are worth more than herein indicated, we are of the opinion that the true value of the whole property including the houses is properly fixed at five or six thousand dollars.
The testimony with reference to the drainage system, shows that for many years previous to the erection of the houses the road in front of the properties was a county, unpaved road and that subsequently was improved and partially paved and a drainage or sewer system installed; that in 1933 or 1934 the control and maintenance of the road or street was assumed or taken over by the state road commission; that subsequently, about the. year 1938, by reason of a W.P.A. project the paving of the street was widened on the side immediately adjacent to claimant’s property. Claimant maintains that the widening of the street as indicated added to the danger of the flooding of her property by collecting the water and directing it to claimant’s side of the street and to the sewer drop or basin immediately in front of one of her houses, which basin was *58 inadequate to carry off a heavy rainfall thereby causing the water to flood and damage her property. The said catch basin is at the very lowest point in the street, in fact the lowest level of the surrounding contour. It is approximately twenty-four inches square, of street level construction, easily clogged by debris that washes into the gutters on Camden Avenue from adjacent and intersecting roads and streets and carried into the basin by the drain of the said street. A twelve inch line or sewer leads from the basin to a twenty-four inch line or pipe at the rear of the houses and the water is in turn carried through this twenty-four inch pipe across and underneath the street to an outlet several hundred feet from claimant’s property. Testimony was offered by the claimant to the effect that if the drainage system was changed to a curb drop basin and a fifteen inch pipe outlet installed in place of the twelve inch, as at present maintained, the situation would be remedied and the flow of water taken care of without any danger to claimant or her property. We are inclined to agree with this conclusion. The testimony further shows that for a distance of approximately 1800 feet along Camden Avenue and on the side thereof adjacent to claimant’s property there are eleven or twelve catch basins to take care of the water flowing in and along the gutter; however, it is definitely shown that for a distance of eight hundred and twenty-five feet, or nearly one-half the distance of the said 1800 feet, only one catch basin exists or is constructed, and this the one immediately in front of and adjacent to claimant’s property at the lowest point or level in the street, receiving the water from both east and west thereof, and which has been the cause of the overflow in recent years. This condition, in our opinion, taken in connection with the inadequate construction of the basin and its outlet, allows the surface water to be collected and cast in a mass or body over and upon claimant’s premises during a heavy rainfall or storm and thus forms the basis for the complaint as heard by this court.
Taking into consideration all the facts as shown in the *59 testimony, together with the knowledge obtained by a view of the premises, a majority of the court is of the opinion that a moral obligation rests on the state to compensate the claimant for an amount which in our judgment will be just and equitable.
The testimony reveals that claimant in July, 1946, completed repairs to the properties which while seemingly protecting the houses from further damage by any overflow at the same time added to the value of the properties; in fact these repairs were made the basis of claimants asking for and receiving federal authority to increase the rent of each house from $17.50 to $20.00 per month. The witness Emrick, the contractor who made the' repairs in question and rebuilt the porches with concrete floors, testifies (record p.p. 97-98) that in his opinion no overflow of water would damage the properties again. The repairs cost approximately $735.00 (record p. 72).
A review of all the testimony therefore leads us to the conclusion that an award of seven hundred and fifty dollars ($750.00) will compensate claimant for all damages and an award in the said amount is accordingly recommended.